Edith L. HIGLEY, Widow of Darold B. Higley, Deceased, Appellant,

v.

J. J. O'LEARY, Deputy Commissioner, Fourteenth Compensation District, W. J. Jones & Son, Inc., and National Automobile & Casualty Insurance Co., Appellees.

No. 20155.

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1966.

Philip A. Levin, Pozzi, Levin & Wilson, Portland, Or., for appellants.

Sidney I. Lezak, U. S. Atty., Roger G. Rose, Asst. U. S. Atty., Portland, Or., Charles Donahue, Solicitor of Labor, Alfred H. Myers, George M. Lilly, Attys., U. S. Dept. of Labor, Washington, D. C., for appellee J. J. O'Leary.

W. H. Poole, Krause, Lindsay & Nahstoll, Portland, Or., for appellees Jones & Son and National Auto. & Casualty Ins. Co.

Before HAMLEY and BROWNING, Circuit Judges, and FOLEY, District Judge.

HAMLEY, Circuit Judge.

This is a proceeding to review an order of the Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, denying a claim for death benefits. The claim had been filed pursuant to the Longshoremen's and Harbor Workers' Compensation Act (Act), 44 Stat. 1424 (1927), as amended, 33 U.S.C. §§ 901–950 (1964). On the motion of the Deputy Commissioner for a summary judgment, the district court entered a decree upholding the agency order. This appeal followed.

The claimant and now appellant is Edith L. Higley, the widow of Darold B. Higley, deceased. He died of a heart attack while working as a longshoreman employed by W. J. Jones & Son, Inc. Appearing on behalf of herself and the surviving children, Mrs. Higley asserted that Mr. Higley's death arose out of the course of his employment; specifically, that death resulted from a heart attack caused by the strain of the work he was performing at the time. The employer, on the other hand, took the position that Higley's death was in no way caused by accident or injury. Instead, the employer asserted, Higley died of a coronary occlusion due to a pre-existing condition.

The Deputy Commissioner, after a hearing at which lay and medical testimony was received, accepted the employer's position and rejected that of Mrs. Higley. As his basis for denying the claim the Deputy Commissioner found as follows:

"That on the 16th day of December, 1963, the deceased above named was in the employ of the employer above named at Longview, Washington, in the Fourteenth Compensation District established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said Act was insured by National Automobile and Casualty Insurance Company; that on said date the deceased was performing service as a longshoreman for the employer and engaged in loading logs aboard the vessel, SS SAPHO, which was afloat in the Columbia River; that he reported for work at 8:00 A.M. on said date and together with other longshoremen had been engaged in moving timbers by means of a peavey and was so engaged at approximately 3:30 P.M. when he suddenly collapsed and died shortly thereafter; that for approximately nine months previous to said date the deceased had been employed as a longshoreman and *the work in which he was engaged on the date of his death was similar to and no more strenuous than the type of work in which he was customarily engaged*; that the immediate cause of death was an acute anterior myocardial infarction due to advanced atherosclerosis of the coronary arteries and acute thrombosis of the left coronary artery; that the work in which the deceased had been engaged prior to his collapse and death did not contribute in any way to his death and the deceased did not sustain an accidental injury arising out of and in the course of his employment by the employer above named." (Emphasis supplied.)

Appellant argues, in effect, that the portion of these findings shown in italics demonstrates that the Deputy Commissioner employed an erroneous legal standard in determining whether appellant is entitled to death benefits under the Act, and that if the correct legal standard is applied to the facts of record, her right to benefits would be established. Appellant further argues that the italicized finding is factually erroneous.

██ If an injury or death arises out of a workman's employment it is compensable under the Act despite the fact that the work being performed at the time was not unusual in character. Hancock v. Einbinder, 114 U.S.App.D.C. 67, 310 F.2d 872, 876.

██ It follows that if the italicized part of the findings was intended as a self-sufficient premise for the conclusion that the claim is not compensable, the proper legal standard was not applied. On the other hand, if the questioned finding was intended to show why the Deputy Commissioner discounted the testimony of appellant's doctor, who assumed that Higley was exerting himself unusually then, while no impairment of the correct legal standard would be indicated, error is present because the italicized finding is clearly erroneous.

The undisputed evidence shows that, during a twelve-year period, Higley

worked, first at ground grading and then as a crane operator. Then, for four months, he worked in a service station. After this he was out of work for several months until he started longshoring. He longshored for nine months before his death.

For a period of about three days, Higley's longshore work consisted of shoving or straining on a peavey to move heavy hemlock timbers ranging in length up to thirty feet. A witness testified that this is one of the two "hardest" longshore jobs and required "brute strength."

The employer suggests in its brief that, despite this evidence, the italicized statement is supportable because "(g)rading work and the operation of a logging crane can obviously be extremely arduous and physically as exerting as moving timber on rollers." Since the grading work was performed during the earlier part of the twelve-year period referred to above, it is doubtful if the Dep-uty Commissioner included it within the types of work in which Higley was "customarily engaged" at the time of his death. Nor, in the absence of more explicit testimony, is there reason to believe that the operation of a crane would be as arduous as that of moving heavy timbers with a peavey.

We think the Deputy Commissioner's findings, read as a whole, are ambiguous as to whether the italicized portion was intended to affect the legal standard to be applied, or to indicate why appellant's medical testimony was rejected; or whether it constitutes mere surplusage without intended significance in reaching a decision. Because of the possibility that an impermissible effect was given to this finding, as discussed above, the cause must be remanded to resolve this ambiguity.

Reversed and remanded for further proceedings consistent with this opinion.